**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODNEY MCCORMICK,<br><br>Defendant. | CASE NO. 3:26-CR-24-CCB-SJF |

**OPINION and ORDER**

This matter is before the Court on Defendant Rodney McCormick's Belated Motion for a Bill of Particulars, which he filed on May 30, 2026, along with his memorandum of law in support of his motion. [DEs 28, 29]. The Government timely filed its response on June 16, 2026. [DE 30]. Defendant did not file a reply, and his deadline to do so has now passed. Accordingly, Defendant's motion is ripe for ruling.

For the reasons set forth below, Defendant's motion is denied.

I.    RELEVANT BACKGROUND

The Government brings three charges against Defendant in its indictment: the first is a bribery count brought under 18 U.S.C. § 666(a)(1)(B); the second two counts are brought under the gratuities provision found in 18 U.S.C. § 201(c)(1)(B). Defendant only requests a bill of particulars directed towards the first count of the indictment.

Defendant notes that review of the discovery the Government provided has taken approximately nine hours and that he "does not seek wholesale discovery or the

government's evidentiary detail." [DE 29 at 3].  Rather, Defendant argues that a bill of particulars should be granted because, after review of the discovery, Defendant still does not have sufficient notice of the offense charged against him in count one of the indictment.

## II.    DISCUSSION

Federal Rule of Criminal Procedure 7(f) allows a defendant to move for a bill of particulars "before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). A bill of particulars functions as "a more specific expression of the activities defendant is accused of having engaged in which are illegal." *United States v. Day*, Cause No. 2:19-cr-126-TLS-JPK, 2020 WL 549580, at *1 (N.D. Ind. Feb. 4, 2020) (quoting *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991)).

"A court may, in its discretion, order the government to prepare a bill of particulars when a defendant requires more information than what is contained in an indictment against him in order to (1) enable him to prepare a defense; (2) avoid unfair surprise at trial; and (3) preclude a second prosecution for the same offense." *United States v. Rappe*, 07 CR 530, 2008 WL 11417245, at *3 (N.D. Ill. Apr. 23, 2008) (citing *United States v. Fassnacht*, 332 F.3d 440, 332 F.3d 440, 446-47 (7th Cir. 2003); *United States v. Caputo*, 288 F. Supp. 2d 923, 925 (N.D. Ill. 2003)). "However, a bill of particulars is unnecessary if an indictment sufficiently sets forth the elements of the charged offense." *Id.* (citing *Fassnacht*, 332 F.3d at 447; *Caputo*, 288 F. Supp. 2d at 925). "Sufficiency of an indictment is determined by: (1) the complexity of the charged offense; (2) the clarity of

the indictment; and (3) the degree of discovery available in the absence of a bill of particulars." *Id.* (citing *Caputo*, 288 F. Supp. 2d at 925).

Defendant did not request that the Court direct the Government to provide him with a bill of particulars until two months after his arraignment. Therefore, his motion is not timely under Rule 7(f). Fed. R. Crim. P. 7(f). A motion for a bill of particulars may be denied solely on the basis that it was filed past this 14-day deadline. *Rappe*, 2008 WL 11417245, at *4.  However, a court has discretion to excuse an untimely motion so long as the purpose of the motion is not to delay trial. Fed. R. Crim. P. 7(f) advisory committee's notes to 1966 Amendments.

Defendant asks the Court to excuse his delay because of his counsel's busy trial and conference schedule. [DE 28 at 2, ¶¶ 6-8]. Further, Defendant cites his counsel's approximate 9-hour length of time spent reviewing discovery the Government has provided. [*Id.* at 1-2, ¶ 5]. The Government does not contest the motion based on its untimeliness. [*See* DE 30]. Accordingly, the Court will excuse the delay in its discretion and review Defendant's motion on the merits.

Defendant requests that the Court order the Government to furnish a bill of particulars that identifies and describes each alleged corrupt official act that falls into the scope of the bribery count in the indictment and that the Government provide the date, or the narrowest practical date range of each alleged corrupt official act. Currently, count one provides that "[o]n or about and between June 7, 2023, and October 13, 2023," Defendant "did corruptly solicit, demand, accept and agree to accept a thing of value

3

from a person intending to be influenced and rewarded in connection with a transaction and series of transactions of the Michigan City Housing Authority[.]" [DE 1 at 2 ¶ 3].

Defendant argues that the indictment does not enable him to prepare a defense because the four-month time span is vague as to when he purportedly received cash payments in exchange for "the specific corrupt decision or action purportedly promised, influenced, or taken by himself." [DE 29 at 2]. But his motion sets forth multiple transactions described in the discovery, including dates and alleged payments. A bribe under § 666(a) is a "payment made or agreed to *before* an official act in order to influence the official with respect to that future official act." *United States v. Cui*, 163 F.4th 1072, 1080 (7th Cir. 2026) (quoting *Snyder v. United States*, 603 U.S. 1, 5 (2024)). The Defendant lists several dates that fall within and around the timespan in count one that may be relevant to the charge. The Government argues that requiring the prosecution to provide further detail through a bill of particulars would provide Defendant with its trial strategy, which Defendant is not entitled to. [DE 30 at 4].

"The defendant's constitutional right is to know the offense with which [he] is charged, not to know the details of how it will be proved." *United States v. Szot*, Case No. 2:24-cr-20, 2025 WL 304792, at *6 (N.D. Ind. Jan. 27, 2025) (citing *Fassnacht*, 332 F.3d at 446). A bribery charge is less complicated than the charge of improperly accepting gratuities, which are the allegations set forth in counts two and three of the indictment. *See Cui*, 163 F.4th at 1081. The Government is correct that count one sufficiently apprises the Defendant of the charges brought against him, as count one sets forth the elements of bribery, gives the scope of time and place of the alleged charge, and cites the

applicable statute. *See United States v. Vaughn,* 722 F.3d 918, 927 (7th Cir. 2013). Additionally, Defendant has not argued that the amount of discovery provided by the Government is insufficient for him to prepare a defense. Finally, count one is specific enough for Defendant to avoid unfair surprise at trial and to preclude a second prosecution for the same bribery offense. Accordingly, the Defendant's motion is denied.

### III.    CONCLUSION

Defendant's Belated Motion for a Bill of Particulars is **DENIED**. [DE 28].

**SO ORDERED** this 26th day of June 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge